UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 JUN 27 PM 4:07
U.S. DIS...
N.D. OF ALABAMA

| | |
|---|---|
| DEANNA WILLIAMS )  | |
| Plaintiff, ) | |
| vs. ) | CV 96-L-1729-S |
| BORDEN, INC., a corporation, ) organized under the laws of the State of New Jersey; and ) TOTAL FAMILY PROTECTION PLAN, an employee health ) benefit plan within the meaning of ERISA, ) | |
| Defendants. ) | |

ENTERED
JUN 27 1997

## MEMORANDUM OPINION

This cause comes before the court on plaintiff's motion for attorney's fees and costs. The court enters the following findings of fact and conclusions of law:

### I. Findings of Fact

1. On May 21, 1997, this court entered a judgment for plaintiff Williams in the amount of two thousand nine hundred forty dollars ($2940.00). This amount represented a penalty against plaintiff's employer, defendant Borden, Inc., for failing to meet the requirements of 29 U.S.C. § 1166(c).

2. In entering the judgment, this court found that Borden did not act in bad faith when it neglected to send Williams notice of her rights under COBRA. Borden made a good-faith attempt to comply with COBRA by centralizing in one location all

responsibility for COBRA and by sending employees of this central office to conferences to keep informed of recent developments important to the implementation of COBRA.

## II. Conclusions of Law

1. COBRA provides, "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

2. The Eleventh Circuit has listed five factors for district courts to consider when deciding a motion for attorney's fees under this section: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question under the statute; and (5) the relative merits of the parties' positions. Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1485 (11th Cir. 1995); Freeman v. Continental Insurance Co., 996 F.2d 1116, 1119 (11th Cir. 1993); Iron Workers Local # 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980)[1]. These factors form the "nuclei of concerns" that this court should address, but "some may not be apropos in a given

---

[1] Opinions of the Fifth Circuit decided prior to October 1, 1981 are binding upon the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

case." <u>Freeman</u>, 996 F.2d at 1119; <u>Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Construction Co.</u>, 932 F.2d 1443, 1453 (11th Cir. 1991); <u>Iron Workers</u>, 624 F.2d at 1266.

3.  There is no presumption in favor of granting attorney's fees to a prevailing claimant in an action under 29 U.S.C. § 1132(g)(1). <u>Florence Nightingale</u>, 41 F.3d at 1485; <u>Freeman</u>, 996 F.2d at 1119.

4.  Defendants did not act in bad faith when they committed the actions which form the basis for this suit.

5.  Neither plaintiff's complaint nor the stipulated pretrial order contained an explicit demand for attorney's fees.

6.  Plaintiff is entitled to no award of attorney's fees in this action. See <u>Florence Nightingale</u>, 41 F.3d at 1485-86 (holding that district court did not abuse its discretion in only discussing bad faith when it denied the prevailing plaintiff's motion for attorney's fees); <u>Andrews v. Employees' Retirement Plan of First Alabama Bancshares, Inc.</u>, 938 F.2d 1245, 1248 (11th Cir. 1991) (reversing district court's award of attorney's fees and finding that defendant's lack of bad faith was dispositive).

7.  A separate order will be entered.

DONE this 27th day of June 1997.

_____
SENIOR JUDGE